GRIMES, Acting Chief Judge,
dissenting.
Harry E. Robbins Associates, Inc., a real estate brokerage firm, originally had a listing under which it would be paid a $50,000 real estate commission for selling the Hill-view Property. Arthur Sudbury, one of Robbins’ salesmen, who had previously been involved in real estate transactions with John M. Saunders, talked with him about the Hillview Property. Saunders ultimately purchased the property through Robbins’ office at a price below the listing. Saunders, who was a licensed real estate salesman for another brokerage firm, was treated by Robbins as having co-brokered the sale, thereby reducing the commission to $25,000. Thus, there were two issues in the lawsuit: (1) whether Sudbury was the procuring cause of the sale, and if so, (2) whether, as Robbins’ salesman, he was en *345 titled to one half of a $50,000 commission or one half of a $25,000 commission.
As pointed out in the majority opinion, the trial court was under the erroneous impression that when Robbins admitted the allegations of paragraph 7 of the amended complaint, this constituted an admission that Sudbury was the procuring cause of the sale of the Hillview Property. In fact, early in the trial the judge observed that he did not see why the parties were concerned with certain evidence because Robbins had admitted that Sudbury was the procuring cause. Robbins’ attorney objected to the court’s interpretation of the pleadings but to no avail. He then stated that if that was the court’s interpretation, he wished to amend his answer to paragraph 7. The court denied the motion as untimely.
There was competent substantial evidence that Sudbury was the procuring cause of the sale. There was also competent substantial evidence that he was not the procuring cause. However, because of his erroneous interpretation of the pleadings, the judge had already decided that Sudbury was the procuring cause. The result is analogous to a jury having been given a peremptive instruction on a key factual issue. If the instruction should not have been given because of conflicting evidence on the issue, the case must be reversed for a new trial even though the jury could have properly arrived at the same result if the peremptive instruction had not been given.
The majority appears to feel that the error is harmless since the judge continued to entertain evidence, some of which bore on the issue of procuring cause. However, even if the procuring cause was no longer in dispute, it was necessary for him to hear evidence on the second issue of whether Sudbury was entitled to receive $25,000 or $12,500. There is nothing in the record to suggest that simply because the judge permitted the parties to introduce whatever evidence they pleased, he continued to have an open mind on the issue of procuring cause.
I would reverse for a new trial.